UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOM MARK FRANKS,

Plaintiff,

v.

J. CLARK KELSO, et al.,

Defendants.

No. 2:17-cv-1056 KJM CKD P

ORDER

Plaintiff is a California prisoner proceeding pro se with an action arising under 42 U.S.C. § 1983. The remaining defendant, defendant Giddings, is a dentist at High Desert State Prison. Plaintiff has filed a motion to compel concerning defendant's responses to plaintiff's "second request for production of documents."

The court has reviewed defendant's responses. Essentially, defendant asserts he has no responsive documents other than notes counsel made while interviewing potential witnesses Gonzalez and Andrea. Counsel for defendant asserts correctly that these notes are trial preparation material and are not discoverable unless plaintiff shows "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(3). Plaintiff has not made that showing. Plaintiff indicates that he is the one who identified Gonzalez and Andrea as potential witnesses to defendant so it appears that plaintiff knows what they know. Further, plaintiff does not indicate

1

what he hopes to learn by accessing counsel's notes other than simply learning what the potential witnesses told counsel. With respect to witness Gonzalez, plaintiff asserts he already knows what she said in her interview anyway.

Finally, plaintiff asserts he requires counsel's notes for his opposition to defendant's motion for summary judgment, but he fails to identify how the notes would help him overcome the motion, even if the notes were admissible which is doubtful.[1]

Accordingly, IT IS HERBY ORDERED that:

1. Plaintiff's December 26, 2018 motion to compel is denied; and

2. Defendant is granted 14 ways within which to renew his motion for summary judgment.

Dated: May 10, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] frank1056.rtp(2)

---

[1] The information contained in the notes most likely amounts to inadmissible hearsay, see Fed. R. Evid. 801 et seq. or opinions, Fed R. Evid. 701 et seq.

2