UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOM MARK FRANKS,

    Plaintiff,

v.

J. CLARK KELSO, et al.,

    Defendants.

No. 2:17-cv-1056 KJM CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. §1983. On October 18, 2017, the court screened plaintiff's complaint, as the court is required to do under 28 U.S.C. § 1915A(a), and found that plaintiff may proceed on two claims arising under the Eighth Amendment against defendant Giddings (defendant).[1] Defendant's motion for summary judgment, renewed on May 23, 2019, is before the court.

I. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents,

---

[1] On November 14, 2017, the district court judge assigned to the case at the time dismissed all other claims and defendants.

1

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963

amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

II. Plaintiff's Allegations

In his complaint, which is signed under the penalty of perjury, plaintiff alleges in relevant part as follows:

    1. Claim II

On January 25, 2017, defendant, a dentist at High Desert State Prison (High Desert), attempted to fit plaintiff with new dentures. At some point prior to the fitting, plaintiff complained that he had been waiting for the dentures for over a year. Also, at some point during the examination, defendant "jammed his thumbs into [plaintiff's] jaw causing tears to fall from [plaintiff's] eyes, and pain that lasted several days." Defendant returned the dentures because they did not fit.

Plaintiff alleges defendant violated plaintiff's Eighth Amendment rights by "maliciously and sadistically" causing plaintiff pain.

    2. Claim III

Plaintiff did not have teeth or dentures for approximately 18 months. During that time, defendant tried to block plaintiff's pain medication or "Boost" meal replacement drinks on several occasions. Plaintiff could not eat most foods without dentures. Plaintiff alleges that because of defendant's actions or inaction, plaintiff had to "endure pain, hunger and countless

missed edible meals."

III. Applicable Eighth Amendment Standards

The Eighth Amendment's prohibition of cruel and unusual punishment protects prisoners from force used maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

Denial of medical care for a prisoner's serious medical needs may constitute a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when injury results from deliberate indifference to a prisoner's serious medical needs. Id.

IV. Arguments and Analysis

1. Claim II

With respect to plaintiff's claim that defendant "jammed his thumbs into [plaintiff's] jaw causing tears to fall from [his] eyes, and pain that lasted several days," the question for purposes of defendant's motion for summary judgment is whether there is at least a genuine issue of material fact as to whether defendant used force maliciously and sadistically for the purpose of causing harm.

In his declaration, defendant asserts as follows with respect to his examination of plaintiff on January 25, 2017:

> On January 25, 2017, I saw Plaintiff for a jaw relations test. (Ex. X.) The purpose of the visit was for Plaintiff to perform a bite registration to determine where Plaintiff's upper and lower denture teeth should meet. Part of the bite registration process includes using bit rims which sit upon the lower and upper jaw/ridges of the patient's mouth. This includes manipulating the patient's jaw so that he is biting down in the proper position to facilitate a proper bite and tooth-to-tooth relationship.
>
> At the beginning of the appointment on January 25, 2017, Plaintiff stated his gums felt better and there were no complaints of pain. (*Id*.) I performed an oral exam of Plaintiff's mouth and found everything to be within normal limits. (*Id*.) To conduct this exam, I needed to place my fingers inside Plaintiff's mouth to feel any swelling, deformities, abscesses, or other sequelae. Feeling and pressing on Plaintiff's jaw and gums is normal during this type of dental examination. In fact, to complete a proper exam on Plaintiff, I needed to feel and apply pressure to Plaintiff's jaw and gums. I did not apply any pressure beyond what I felt was necessary to conduct

4

> a proper exam on Plaintiff in this instance. Nothing indicated that I had harmed Plaintiff during the examination that day, and Plaintiff's UHR [Unified Health Record] does not show any injury due to the examination.

Defendant also points to plaintiff's deposition in which plaintiff acknowledged that part of defendant's January 25, 2017 examination was to identify those places in plaintiff's mouth causing plaintiff pain. ECF No. 62 at 47. Plaintiff also acknowledges that defendant only applied pressure twice and both times defendant stopped when plaintiff indicated he was in pain. Id. at 49-50. Finally, plaintiff testified that the pain caused by defendant only lasted a couple hours, not days as plaintiff indicates in his complaint. Id. at 53-54.

Plaintiff does not present any legal argument in response to defendant's motion for summary judgment. While plaintiff did file an opposition to defendant's statement of undisputed facts, plaintiff did not provide any evidentiary support for his opposition, nor did plaintiff submit any admissible evidence independent of the allegations made under penalty of perjury in plaintiff's complaint.

Nevertheless, plaintiff's complaint and the portions of the transcript of plaintiff's deposition attached to defendant's motion for summary judgment provide sufficient basis to deny defendant summary judgment with respect to Claim II. In addition to the testimony identified above, plaintiff testified at his deposition as follows:

1. He sought treatment from defendant for cuts to his gums which were the result of plaintiff eating at a time while he had no teeth. Id. at 46. Plaintiff's gums were red and sore. Id. at 48.

2. During an examination plaintiff describes as "quick," defendant pressed on plaintiff's gums a first time which caused plaintiff to jump in his chair. Defendant asked plaintiff "does that hurt?" Plaintiff responded that it did. Id. at 47-48. Defendant pressed on plaintiff's gums a second time in the same area. Plaintiff again jumped in his chair and told defendant he hurt. Then defendant stopped. Id. at 49.

Taking all the evidence in the light most favorable to plaintiff, as the court must, there is at least a genuine issue of material fact as to whether defendant acted maliciously and sadistically

5

to cause plaintiff pain. Plaintiff told defendant he was in pain, and the injured areas were visible. Defendant pressed hard on those areas two times despite that, after the first time, plaintiff jumped from his chair and told defendant that it hurt. For these reasons, defendant's motion for summary judgment should be denied as to Claim II.

Defendant asserts he is entitled to summary judgment on Claim II under the "qualified immunity" doctrine. "Government officials enjoy qualified immunity from civil damages unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In analyzing a qualified immunity defense, the court must consider the following: (1) whether the alleged facts, taken in the light most favorable to the plaintiff, demonstrate that defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was clearly established at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).

As indicated above, however, there is at least a genuine issue of material fact as to whether defendant used excessive force against plaintiff in violation of the Eighth Amendment. Plaintiff's right to be free of excessive force was clearly established on January 25, 2017. Defendant is therefore not entitled to summary judgment based upon the "quailed immunity" doctrine as to Claim II.

2. Claim III

As for Claim III, defendant's first argument is that plaintiff did not have a right under the Eighth Amendment to Boost replacement meal drinks simply because plaintiff had no teeth. Defendant points to the affidavit of Dr. M. Rosenberg, the Statewide Dental Director of the California Department of Corrections and Rehabilitation (CDCR). Dr. Rosenberg indicates that the standard CDCR menu had multiple options categorized as soft and easy to chew foods for all meals and many inmates with no teeth eat with no problems. Dr. Rosenberg indicates nutrition drinks such as "Boost" are appropriate while inmates are healing from oral surgery such as teeth extractions.

Again, plaintiff does not point to any legal argument in support of his opposition to

defendant's motion or any admissible evidence in addition to the allegations made under penalty of perjury in his complaint. In this instance, plaintiff's allegation that, on several instances, defendant would try to block plaintiff from receiving "Boost" meal replacement drinks is insufficient to overcome the argument and additional evidence presented by defendant in his motion for summary judgment because the undisputed evidence before the court shows that denial of "Boost' to an inmate without teeth, without more, does not amount to deliberate indifference and plaintiff has not come forward with any evidence indicating he was ever injured as a result of defendant trying to block plaintiff from receiving "Boost."[2]

The same analysis applies to plaintiff's claim regarding pain medication. The affidavits of both defendant and Dr. Rosenberg identify several instances in 2016 when plaintiff was prescribed pain medication for pain in his gums or jaw:

1. Following teeth extractions occurring on January 21 and February 4;

2. Following jaw surgery on June 7;

3. For swelling observed on June 10;

4. For jaw pain reported on July 13, with the prescription being renewed July 21; and

---

[2] In the court's November 8, 2017 order, plaintiff was informed, as required under Rand v. Roland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), as to the requirements for opposing a motion for summary judgment. In particular, plaintiff was informed:

> To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.

Plaintiff was also provided with the required Rand notice by defendant with defendant's motion for summary judgment. ECF No. 35 at 1.

5. For pain reported on August 9.

Again, the allegations in plaintiff's complaint are not sufficient to overcome the legal argument and evidence presented in defendant's motion for summary judgment as there is nothing before the court indicating that the type of pain medication prescribed to plaintiff or the frequency of the prescriptions were prescribed were lacking under the Eighth Amendment. Further, plaintiff has not come forward with any evidence indicating that he was ever injured as a result of defendant trying to block plaintiff from receiving pain medication.

For these reasons, defendant is entitled to summary judgment with respect to Claim III.

V.    Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 35) be denied as to Claim II in plaintiff's complaint and be granted as to Claim III.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 14, 2020

                                             */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
fran1056.msj

8