UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM FRANKS,<br><br>             Plaintiff,<br><br>      v.<br><br>J. CLARK KELSO, et al.,<br><br>             Defendants. | No.  2:17-cv-01056-KJM-CKD P<br><br>ORDER and<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the court is defendant's motion for summary judgment. ECF No. 106.

**I.     Procedural History**

On August 17, 2022 plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion for summary judgment within thirty days.  ECF No. 110.  In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).  Plaintiff did not respond to the court's order.  On October 24, 2022 the undersigned issued Findings and Recommendations to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  ECF No. 111.  The parties were advised that objections to the Findings and Recommendations were due within 14 days.  Neither party filed objections.

1

On January 17, 2023, the district judge assigned to this matter rejected the Findings and Recommendations to the extent that they did not examine the five necessary factors before involuntarily dismissing a case pursuant to Rule 41(b).[1]  ECF No. 112.  This matter was referred back to the undersigned for further proceedings consistent with the district judge's order.

**II.     Legal Standards**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629–30 (1962) (dismissal for failure to prosecute to avoid undue delay or congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).  "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme circumstances."  Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Because dismissal is such a severe sanction, the Ninth Circuit requires a district court to consider five factors before its imposition: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  Id.

**III.    Analysis**

In this case, the first two factors clearly suggest that the sanction of dismissal is appropriate.  "The public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999); see also Pagtalunan v. Galaza, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring) (emphasizing that "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  This case was initiated in 2017 and plaintiff has not filed a single pleading since June 2022.  See ECF Nos. 105, 109 (requests for settlement).  Nor did plaintiff file any objections to the court's recommended

---

[1] The Ninth Circuit Court of Appeal has made it clear that "explicitly addressing the relevant factors when contemplating dismissal" is the "preferred practice," but it is not required.  Pagtalunan v. Galaza, 291 F.3d 639, 641 (9th Cir. 2002).

dismissal of this action pursuant to Rule 41(b).

The third factor—prejudice to defendants—also weighs in favor of dismissal. While pendency of a lawsuit is not sufficient prejudice to a defendant to warrant dismissal, a rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. See Yourish, 191 F.3d at 991; In re Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case since there is no explanation for plaintiff's failure to respond to court orders.

While the public policy favoring disposition of cases on their merits generally weighs in plaintiff's favor, it does not outweigh the remaining factors in this case. See e.g., Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). It is plaintiff's responsibility to move the case towards disposition "at a reasonable pace, and to avoid dilatory and evasive tactics." See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. The court cannot move this case toward trial on the remaining claim against defendant Giddings without plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown that he is unable to prosecute this action to completion on his own initiative. Less drastic sanctions are not appropriate given the procedural posture of this case which has been pending since 2017. For all these reasons, the undersigned recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations issued on October 24, 2022 are vacated.

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 106) be denied as moot.[2]
2. This action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

---

[2] As pointed out in the district judge's January 17, 2023 order, the undersigned did not rely on Local Rule 230(c) as a basis for dismissal because it was not recommending that defendant's unopposed motion for summary judgment be granted.

3

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/fran1056.41(b)dismiss.CJRA